■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO MERCADO, Appellant. [675 NYS2d 60] —Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered March 12, 1997, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to a term of 2½ to 5 years, and order, same court and Justice, entered on or about February 20, 1998, denying defendant's CPL 440.20 motion, unanimously affirmed.

Defendant's suppression motion was properly denied. Assuming that the officer's single question was a common-law inquiry, we find that it was supported by the proper predicate (see, People v Hollman, 79 NY2d 181). Internal Affairs officers were investigating an incident in which defendant had been seen passing a weapon to an off-duty officer, and approached defendant solely to question him as a witness. They were also aware of defendant's prior arrest for possession of a weapon.

Although defendant agreed to accompany them to the precinct, he insisted that he and only the older of the two officers should walk down 12 flights of stairs instead of using the elevator from which defendant had just disembarked. The officer asked him if he was carrying anything, to which defendant responded that he had a gun. Under the circumstances, the officers had a founded suspicion that criminal activity was at hand, justifying the inquiry.

Defendant's bargained-for sentence, which is the statutory minimum for a second violent felony offender, was not unconstitutionally harsh or excessive as applied to this defendant (*see, People v Thompson*, 83 NY2d 477). We have reviewed defendant's remaining arguments and find them to be without merit. Concur—Ellerin, J. P., Tom, Mazzarelli and Saxe, JJ.